JOHN G. FULLER, Appellant, *vs.* FREDERICK E. PERKINS *et als.*,
Trustees.

JULY 6, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Equity. Accounting. Liquidation. Agreements.*

A. held 250 shares of the stock of the X. Co., of which 185 shares had been pledged as security for a note, leaving him 65 shares. The remainder of the shares of the company were held, some by the respondents, and the balance by individuals. The stockholders voted to authorize B. to liquidate the affairs of the corporation, one clause of the vote providing "that after all the assets had been reduced to cash and its indebtedness paid, the balance shall be divided among the several stockholders, in proportion to their several holdings."

The note of A. falling due, respondents wrote him, as follows: "If you are willing to turn over the other 65 shares and take your note with the understanding that if in liquidation the property of the company will more than pay your note and accrued interest, we will turn over to you the balance whatever it may be."

A. transferred his 250 shares to respondents and received his note. A. contended that he was entitled to all the assets of the company above the indebtedness after payment of his note; while respondents contended that A. was only entitled to share in the excess of dividends in liquidation, if any, which might accrue on the 250 shares theretofore his property:—

*Held,* that as A. was present and assented to the appointment of B., and the conferring on him of the powers contained in the vote, he must have understood that the "liquidation" referred to in the proposition was the "liquidation" thus authorized, which required, in addition to the payment of debts, a division of the cash remaining "among the several stockholders in proportion to their holdings."

*Held,* further, that to give A. all the assets of the corporation would not only transgress the vote of the company, but would be beyond the power of the respondents to do.

*Held,* further, that payment of A.'s note could only be made legally or equitably from that portion of the corporation's property owned by A.

BILL IN EQUITY for an accounting, and dismissed.

BLODGETT, J. This bill in equity for an accounting comes here by complainant's appeal from the decree of the Superior Court, and involves the construction to be given to the following agreement:

"PROVIDENCE, R. I., Apl. 6, 1905.

"MR. J. G. FULLER, ·

"San Remo Hotel, New York City.

"DEAR SIR:—I do not suppose it is necessary for me to remind you that your note is due after tomorrow (April 8th) but I do wish to say that Mr. Henry Perkins and myself have been looking over the statement with Mr. Rogers and Mr. R. informs us that you had a statement March 31st so you know the figures as submitted by him. Careful examination of the assets of the company lead us to believe, that your share of the assets will not realize enough to pay your note and I would ask, if you are willing to turn over to the estate of Charles H. Perkins the other sixty-five shares of the stock held by you and take your note, with the understanding, that if in liquidation the property of the company will more than pay your note

and accrued interest, we will turn over to you the balance whatever it may be. This course of action will avoid any legal proceedings which we shall be obliged to take in case there is a shortage on the note, and also might save you some embarrassment in the future.

"Should like to have your prompt reply to this letter, as unless the note is paid April 8th we shall be obliged to take steps to protect ourselves.

"Yours very truly,

"CHARLES R. STARK,

"for Estate of Charles H. Perkins."

"PROVIDENCE, R. I., April 8, 1905.

"ESTATE OF CHARLES H. PERKINS,

"CHARLES R. STARK, ESQ.,

"112 Industrial Trust, Providence.

"DEAR SIR:—Your letter to Mr. J. G. Fuller dated April 6th has been mailed to me for answer.

"Mr. Fuller's necessities had compelled a conveyance by him of the sixty-five shares you speak of, but in view of your offer he will repurchase these shares and assign them to you.

"I therefore, in Mr. Fuller's behalf, accept your offer upon the condition contained therein, 'that if in liquidation the property of the company will more than pay your (his) note and accrued interest, we (you) will turn over to you (him) the balance whatever it may be.'

"Respectfully yours,

"EDWARD D. BASSETT."

The company referred to in these letters is the J. G. Fuller Company, of whose stock appellant then held two hundred and fifty shares, of which one hundred and eighty-five shares had been pledged as collateral security for a note of $6,500 to Charles H. Perkins, in his lifetime, and on which interest had been paid for some time to the respondent trustees under his will, and sixty-five shares of which were not so pledged and are the sixty-five shares referred to. The remaining two hundred and fifty shares were held as follows: one hundred shares by

the respondent trustees as aforesaid, one hundred and forty: shares by one Charles H. Perkins, Jr., individually, and ten shares by one Fred. H. Perkins, individually. The business proving unprofitable, it was unanimously voted by the stockholders of the corporation to authorize one Everett I. Rogers to wind up and liquidate the affairs of the corporation, the ninth clause of the vote defining the duties of said Rogers being as follows: "Ninth. That after all the assets of the corporation have been thus reduced to cash and all its indebtedness paid, the balance on hand shall be divided by the treasurer of the corporation, under the direction of said attorney, among the several stockholders of the corporation then of record, in proportion to their several holdings and upon surrender to the treasurer of their several certificates." The appellant duly transferred his two hundred and fifty shares to the respondent trustees, who duly surrendered his note for $6,500, and the present contest is based upon the contention that the agreement in question which entitles the appellant to all the assets of the corporation, then estimated at about $12,000 above indebtedness, after payment of his note, whether by dividends received in liquidation on his stock in addition to dividends received for stock held by the trustees and by Charles H. Perkins, Jr., and Frederick H. Perkins, or however otherwise; and the respondents' contention being that the appellant is only entitled to share in the excess of dividends in liquidation, if any, which may accrue on the two hundred and fifty shares theretofore the property of the complainant.

(1) It is not denied that the proposition in question is couched in language which, upon its face, would authorize the contention of the appellant. But a close examination of its terms convinces us that this is not the real intent of the terms used. The proposition is "if in *liquidation* the property of the company will more than pay your note and accrued interest, we will turn over to you the balance whatever it may be." The appellant was present and assented to the appointment of Rogers and the conferring on him of the powers conferred by the ninth clause of the vote, above set forth, and must have understood that the liquidation referred to in the proposition

was the liquidation thus authorized and which required more than a mere payment of all the debts of the company, but required a division of the cash then remaining "among the several stockholders of the corporation then of record, in proportion to their several holdings." It is in testimony, too, that there had never been any transfer of record of the sixty-five shares in question by the appellant prior to the transfer made to the respondent trustees. It is not a forced construction, therefore, to adopt the definition of the word "liquidation," in this proposition as given in 3 Cent. Dict. 3475: "In its general sense liquidation means the act or operation of winding up the affairs of a firm or company by getting in the assets, settling with its debtors and creditors, and apportioning the amount of profit or loss." So used it is perfectly clear that the appellant would be entitled to dividends only on his one hundred and eighty-five pledged and sixty-five unpledged shares, and the proposition of the respondents, limited as it is to the proceedings in liquidation already inaugurated, must be construed in harmony with the unanimous vote of the corporation in that respect. To give the appellant all the assets of the corporation so in liquidation after the payment of his note would be to transgress the vote of the corporation in that respect to which the appellant had assented, and, indeed, would be beyond the power of the respondent trustees to do, since it is manifest that they could not of their own motion give to the appellant corporation dividends due to Charles H. Perkins, Jr., and Frederick H. Perkins, in their individual capacity as stockholders.

In the case at bar, while a dividend in liquidation has already been paid, it is conceded that the contract in question is still executory as to the remaining final dividend. It is clear, not only that the respondents did not intend their offer in the sense which the complainant seeks to put upon it, but that they are and were without power to make such a contract without committing a fraud upon the estate of which they are trustees. In no proper sense, indeed, can it be held that assets belonging either to the trust estate or to the individual respondents are to be considered to mean "property of the company" liable

for the payment of the appellant's note in the proposition which is the basis of this proceeding. Such payment could both legally and equitably come only from that portion of the property of this company owned by the appellant. The proof clearly shows that the dividends already paid on the appellant's shares, both pledged and unpledged, are insufficient to liquidate his note, and that he has thus obtained release from liability thereon for much less than the amount due on it. If, therefore, there shall hereafter be sufficient dividends in liquidation on the two hundred and fifty shares formerly belonging to the appellant sufficient to enable him to receive payments in excess of the amount due on said note, he will have received all that to which he is so entitled either in law or in equity.

Holding, therefore, the construction of the appellant to be an inequitable construction of the loosely worded proposition of the respondent, we dismiss the appeal, affirm the decree of Superior Court, and remand cause to Superior Court for further proceedings.

*Bassett and Raymond*, for complainant.

*R. W. Richmond*, of counsel.

*Walter H. Barney, James B. Littlefield, and Barney & Lee*, for respondents.